UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-20030-CIV-MORENO

LOURDES ALVAREZ MENA and DARREN
TODD MENA,

    Plaintiffs,

vs.

MIAMI-DADE COUNTY, DETECTIVE
EVELYN GUAS, and DETECTIVE MIGUEL
GARCIA, ,

    Defendants.
_____/

## ORDER GRANTING MIAMI-DADE COUNTY'S MOTION TO DISMISS

Citing the doctrine of sovereign immunity, Miami-Dade County is moving to dismiss Plaintiffs' two state law battery claims. Plaintiffs brought this case against two County detectives, who allegedly beat, handcuffed, and arrested Plaintiffs as they were picking up their child from preschool. The Court agrees with the County that sovereign immunity applies to bar these claims as pled in the Third Amended Complaint.

THIS CAUSE came before the Court upon Defendant Miami-Dade County **(D.E. No. 24)**, filed on **June 9, 2014**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Court dismisses without prejudice Counts 5 and 6 of Plaintiffs' complaint.

## I. BACKGROUND

Plaintiffs brought suit under 42 U.S.C. § 1983 against Detective Miguel Garcia and Detective Evelyn Guas. Plaintiffs' complaint contains two counts of state law battery against Miami-Dade County. Miami-Dade County is moving to dismiss those two counts under the sovereign immunity doctrine.

On August 20, 2012, Darren Todd Mena was seated in his car waiting for his wife, Lourdes Alvarez-Mena, to pick up their child from preschool. Detective Miguel Garcia approached the vehicle and demanded Mr. Mena provide his driver's license, registration, and handicap placard. Detective Garcia was in plain clothes and in an unmarked car. After providing the requested documents to Detective Garcia, the detective returned to his car. Detective Garcia then ordered Mr. Mena out of his vehicle, opened the door, and pulled Mr. Mena out of the car. Detective Garcia proceeded to throw Mr. Mena to the ground, beat, handcuff, and arrest him. Mr. Mena offered no resistance. As this occurred, Mrs. Alvarez-Mena exited the preschool with her son, and approached the scene. Detective Guas then confronted her and threw her against the car, forcibly beat her, handcuffed her, and placed her under arrest.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal

conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. LEGAL ANALYSIS

Florida Statute § 768.28(9)(a) provides that the state and its subdivisions are immune from tort liability "for the acts or omissions of an officer, employee, or agent" when those acts are "committed in bad faith or with malicious purpose in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Section 768.28(9) waives the government's sovereign immunity for "both negligent and 'intentional' torts alike." *Blue v. Miami-Dade County*, No. 10-23599-CIV, 2011 WL 2447699 (S.D. Fla. June 15, 2011). The government, however, cannot be held liable for those intentional torts committed with malicious purpose, bad faith or with wanton and willful disregard of human rights, safety, and property. *Id.*; *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1394 (S.D. Fla. 2008) (dismissing plaintiff's state law false arrest claim against the City of Miami due to allegations that the acts of the officers were "willful, wanton and malicious".). Here, Miami-Dade County contends that sovereign immunity bars Plaintiffs' vicarious liability claims against it for "willful" or "wanton" acts by the Defendants Detectives Garcia and Guas.

To be specific, the County argues in its motion to dismiss that Detectives Garcia and Guas's actions – pulling Mr. Mena out of the car, throwing Mr. and Mrs. Mena, beating them, handcuffing them, and arresting them – can only be characterized as actions "committed in bad faith or with

malicious purpose." The County contends those "malicious" actions fall within the ambit of conduct from which § 768.28(9)(a) provides immunity. Taking the Plaintiff's allegations as true, the Court does not find the officers were acting within the scope of employment. "Conduct is only within the scope of employment if (a) it is the type of conduct which the employee is hired to perform, (b) it occurs substantially within the time and space limits authorized or required by the work to be performed, and (c) the conduct is activated at least in part by a purpose to serve the employer." *Sanchez v. Miami-Dade County*, No. 06-21717-CIV, 2007 WL 1746190, *4 (S.D. Fla. Mar. 28, 2007) (quoting *Craft v. Sirounis*, 575 So. 2d 795 (Fla. 4th DCA 1991)).

The Court agrees with the County that Plaintiff's allegations as to the conduct by Detectives Garcia and Guas state a claim for "wanton" and "malicious" acts outside the scope of employment and therefore, do not give rise to municipal liability under Florida's waiver of sovereign immunity. In *Valdes v. Miami-Dade County*, however, this Court held that the "nature of Florida Statute § 768.28 tends to require a plaintiff to plead alternative and inconsistent claims against a government entity and its employees." *Id.*, No. 12-22426-CIV, 2013 WL 5429938, *5 (S.D. Fla. Sept. 27, 2013) (quoting *Pettihomme v. County of Miami-Dade*, No. 11-20525-CIV, 2011 WL 3648622, n.2 (S.D. Fla. Aug. 16, 2011). Plaintiffs, however, have not pled their Third Amended Complaint in the alternative. Accordingly, the Court grants the motion to dismiss and dismisses without prejudice Counts 5 and 6 of Plaintiff's complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of July, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record